argument in the final case on the regular argument calendar Elhannon Wholesale Nurseries v Harrington 19-3390. Thank you. Thank you, Your Honors. Robin Freeman. Thank you for the appellant. I'd like to take my time this morning to focus on what we consider to be the the core issue and the fundamental issue of our appeal and that is the trial court's denial of compel the production of documents or in the alternative for sanctions. And the reason that we consider this the core issue of the appeal is that in the absence of discovery, in the absence of the production of the business records for a plaintiff business, the plaintiff was severely negatively impacted in its right to present its case. Frankly, it was hamstrung and could only present its case basically on the on the basis of its own witness testimony and on the basis of the defendant's witness testimony. So before I get into the real meat of the issue, I know this is laid out in the brief, but just a very brief context because I think it is important to remember in this case that the defendant, Ms. Perzycki, had all of the records. She maintained possession of all of the business records for the plaintiff. She was involved in the business and after a disintegration of her business relationship with plaintiff Jim Sutton in 2011, she, according to Mr. Sutton, absconded basically with all of the business records for the business, leaving Mr. Sutton and the business itself, Mr. Sutton can maintain control of the business, and the business itself with absolutely no business records related to this transaction or really any other transaction and how the business functioned. She later, in pursuant to a stipulation, settling the dispute between the two on that business dissolution, says that she turned over those records to a court-appointed receiver who then returned the records to her and despite the clear provisions in the stipulation, refused subsequently to provide any of those records to Mr. Sutton. So that's the context in which we get this issue and when the court discovered that the lack of these records and lack of production of these records was a financial resolution, it ordered the defendant to produce all of these records, all of the business records. In response, the defendant did not produce all of the business records. She produced a little over 1,300 pages of records which... Mr. Freeman, let me ask you just two questions. First, can you explain how the business documents you allege she has but has not turned over are still as I understand it, she declined to raise the defense that she complied with the general release? Certainly, Your Honor. So while she did waive the right to rely on the release, the documents were relevant in potentially many other aspects. First and foremost, there were no documents produced by Ms. Brzezicki in the production in this case and the production in any other context related to this transaction. Mr. Sutton testified at trial that if nothing else, he produced bills of lading regarding to the shipping of the plain materials and the trees. In question, there was nothing related to this case. There were no documents related to this transaction whatsoever. It raised some questions, certainly, but it also would have raised even more questions in the context of showing what other documents would have been available and were available for other transactions that this business was undertaking. Ms. Brzezicki's essential testimony in this case was that the business run by the plaintiffs was very willy-nilly, that very little documents were kept, that everything was very informal, and it was easy for her to make that assertion because she held all of the documents and wouldn't produce it. So, there were documents related to this transaction. There could have been documents related to the business organization, articles of organization, things of that nature related to her authority regarding this transaction and any other documents related. My other question is, you are asking us, as I understand it, to overturn the District Court's credibility determination, is that right? Yes, Your Honor. What is the basis of overturning the District Court's credibility determination? Well, the basis is because, speaking specifically to this issue, the basis is because without these documents, the plaintiffs were prevented from presenting their case either in chief or their case in impeachment or their case in rebuttal because all of the evidence essentially related or was funneled down to testimony by Mr. Sutton and testimony by Ms. Brzezicki. So, there wasn't an adequate for the any finding. Judge Kios, do you have any question? Well, the District Court made a credibility finding in favor of the defendant's assertion that she didn't have any more records. Yes, Your Honor, it did, but our contention is that that credibility finding was, while the court may have had a credibility finding, that the overall finding that the motion to compel should be denied was an abuse of discretion because the plaintiffs offered completely uncontested expert testimony that she did have these documents and not only that she had them but was continuing to access them. There was no assertion by the defendant that there would have been a burden to produce these documents in any way. They argued that there was a burden in her responding to the motion to compel, but there was no argument that there was a burden to produce the documents and even if there were, certainly the court could have argued that there was not a burden to produce that she denied having either paper or electronic records. That's correct and the plaintiffs were able to show through, again, uncontested expert opinion that that was that was plainly false. So the court really lacked the evidence to find to make the credibility finding that it did because the evidence overwhelmingly showed that she did have access to these records and while it's not before the court, she has subsequently recently admitted that she had these records and will be looking at a Rule 60 D motion for potentially vacating the judgment based on fraud on the court. So yes, she did continue to say over and over again that she didn't have them, but all of the evidence that we were able to provide to the court, including the expert testimony and the the court's credibility finding really lacked basis. Judge LaValle? No questions, thank you. Thank you. Thank you, Mr. Freeman. World Reserve decision. That concludes today's oral argument calendar. I'll ask the clerk to adjourn court and transfer us. Court stands adjourned.